TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00501-CV


NO. 03-99-00503-CV


NO. 03-99-00504-CV


NO. 03-99-00505-CV


NO. 03-99-00642-CV







Scott Hunter, Appellant



v.



International Business Machine Corporation,


Sealy Mattress Corporation, Prime Crest Apartments,


RCA Corporation and General Motors Corporation, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NOS. 98-03805-G; 98-03805-C; 98-03805-E; 98-03805-D & 98-03805-F,


HONORABLE MARGARET A. COOPER, SUZANNE COVINGTON, JOHN K. DIETZ,


AND MARY PEARL WILLIAMS, JUDGES PRESIDING







 Scott Hunter was diagnosed with toxic brain syndrome (toxic encephalopathy) on
April 11, 1996. Hunter filed a lawsuit against International Business Machine ("IBM"), Sealy
Mattress Corporation, Prime Crest Apartments and General Motors Corporation ("GMC") on
April 10, 1998. (1) Hunter alleged IBM negligently exposed him to various toxic materials in the
workplace; Sealy negligently exposed him to toxic polyurethane in his foam mattress; Prime
Crest negligently exposed him to toxic paint used in his apartment; RCA negligently exposed him
to toxic fumes, chemicals and particles emitted from his television; and finally, that GMC
negligently exposed him to toxic polyurethane in the vinyl seats of his van and to electro magnetic
radiation from the electrical system/alternator in the van. All appellees filed motions for summary
judgment raising various grounds. All motions however, contended that Hunter's claims were
barred by the statute of limitations. The trial court granted summary judgment in favor of each
appellee in separate orders. (2) We will affirm.

 We are guided by the well-established standards for reviewing summary judgments. 
See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). A summary
judgment is appropriate when there are no material fact issues and the movant is entitled to
judgment as a matter of law. See Tex. R. Civ. P. 166a(c). When a summary judgment is granted
on general grounds we must consider on appeal whether any theory asserted by the movant will
support the summary judgment. Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989). 
If any theory advanced is meritorious, the summary judgment will be affirmed. Id. The appellant
must negate all grounds on appeal. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381
(Tex. 1993). 

 All appellees raised the statute of limitations as a defense to Hunter's claims and
alleged his claims accrued more than two years before he filed his lawsuit. RCA, Sealy and Prime
Crest each allege a date certain for the accrual of Hunter's cause of action. (3) A claim for personal
injuries must be commenced within two years after the day the cause of action accrues. Tex. Civ.
Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2000). Generally, a cause of action accrues
when the wrongful act occurs, regardless of when the plaintiff learns of the injury or if all the
resulting damages have yet to occur. Childs v. Haussecker, 974 S.W.2d 31, 36 (Tex. 1998). 
Having reviewed the record, we conclude that RCA, Prime Crest and Sealy have each established
through the summary judgment evidence that Hunter's cause of action accrued more than two
years before he commenced his action against each of them. 

 GMC and IBM do not allege a date certain for the accrual of Hunter's cause of
action, but argue that applying the discovery rule, Hunter failed to file his lawsuit within two
years of when he should have discovered the connection he alleged between the cause and the
injury. (4) The discovery rule tolls the statute of limitations when an injury is inherently
undiscoverable and objectively verifiable. Id. at 36-37. Under the discovery rule, the accrual of
a cause of action is deferred until a plaintiff discovers or through the exercise of reasonable care
and diligence, should realize the connection between the cause and the injury. See id. at 40, 44;
see also Wilson v. John Daugherty Realtors, Inc., 981 S.W.2d 723, 726-27 (Tex. App.--Houston
[1st Dist.] 1998, no pet.). The limitations period may be determined as a matter of law if
reasonable minds could not differ about the conclusion to be drawn from the facts. Childs, 974
S.W.2d at 44. 

 In latent occupational diseases, "discovery of the injury" should not be equated
with a plaintiff's discovery of the precise name of the disease that is causing his symptoms or the
discovery that the disease is permanent. Id. at 41. The seriousness of the injury need not be fully
apparent or even fully developed in order to commence the statute of limitations. Id. The accrual
of a cause of action is not dependent on a confirmed medical diagnosis; a plaintiff whose condition
has not yet been affirmatively diagnosed by a physician can have or, in the exercise of reasonable
diligence could have, access to information that requires or would require a reasonable person to
realize the connection between the cause and the injury. See id. at 42; see also Wilson, 981
S.W.2d at 726-27. Having reviewed the record, we conclude that GMC and IBM established
through summary judgment evidence that Hunter's cause of action accrued more than two years
before he filed his lawsuit.

 Having overruled Hunter's issues on appeal, we affirm the trial-court summary
judgments. (5) 



 


 Mack Kidd, Justice

Before Chief Justice Aboussie and Justices Kidd and Smith

Affirmed

Filed: May 25, 2000

Do Not Publish
1. Hunter added RCA Corporation as a defendant on April 12, 1999.
2. Judge Suzanne Covington signed the Sealy summary judgment order; Judge John K.
Dietz signed the RCA and Prime Crest Apartments summary judgment orders; Judge Mary Pearl
Williams signed the GMC summary judgment order and Judge Margaret Cooper signed the IBM
summary judgment order. 
3. RCA argues that given the April 11, 1996 date of diagnosis, Hunter's lawsuit against
RCA filed April 12, 1999 is barred by the applicable two-year statute of limitations. Sealy argues
that Hunter's cause of action accrued on April 1, 1995, the date Hunter alleged he became aware
of his illness, which was more than two years before Hunter sued Sealy on April 10, 1998. 
Prime Crest argues Hunter's cause of action against it accrued on March 31, 1995, the date he
moved out of his apartment, which was more than two years before April 10, 1998.
4. GMC alleges Hunter's cause of action was barred by the statute of limitations because
he was aware that some kind of chemical exposure was causing him health problems before April
1995. IBM argued his claims were barred because Hunter admitted being aware of his problems
more than two years before April 10,1998.
5. Hunter also raised other theories of liability in addition to negligence. We have
reviewed the records in each case and have determined that these claims are without merit. 


 GMC and IBM do not allege a date certain for the accrual of Hunter's cause of
action, but argue that applying the discovery rule, Hunter failed to file his lawsuit within two
years of when he should have discovered the connection he alleged between the cause and the
injury. (4) The discovery rule tolls the statute of limitations when an injury is inherently
undiscoverable and objectively verifiable. Id. at 36-37. Under the discovery rule, the accrual of
a cause of action is deferred until a plaintiff discovers or through the exercise of reasonable care
and diligence, should realize the connection between the cause and the injury. See id. at 40, 44;
see also Wilson v. John Daugherty Realtors, Inc., 981 S.W.2d 723, 726-27 (Tex. App.--Houston
[1st Dist.] 1998, no pet.). The limitations period may be determined as a matter of law if
reasonable minds could not differ about the conclusion to be drawn from the facts. Childs, 974
S.W.2d at 44. 

 In latent occupational diseases, "discovery of the injury" should not be equated
with a plaintiff's discovery of the precise name of the disease that is causing his symptoms or the
discovery that the disease is permanent. Id. at 41. The seriousness of the injury need not be fully
apparent or even fully developed in order to commence the statute of limitations. Id. The accrual
of a cause of action is not dependent on a confirmed medical diagnosis; a plaintiff whose condition
has not yet been affirmatively diagnosed by a physician can have or, in the exercise of reasonable
diligence could have, access to information that requires or would require a reasonable person to
realize the connection between the cause and the injury. See id. at 42; see also Wilson, 981
S.W.2d at 726-27. Having reviewed the record, we conclude that GMC and IBM established
through summary judgment evidence that Hunter's cause of action accrued more than two years
before he filed his lawsuit.

 Having overruled Hunter's issues on appeal, we affirm the trial-court summary
judgments. (5) 



 


 Mack Kidd, Justice

Before Chief Justice Aboussie and Justices Kidd and Smith

Affirmed

Filed: May 25, 2000

Do Not Publish
1. Hunter added RCA Corporation as a defendant on April 12, 1999.
2. Judge Suzanne Covington signed the Sealy summary judgment order; Judge John K.
Dietz signed the RCA and Prime Crest Apartments summary judgment orders; Judge Mary Pearl
Williams signed the GMC s